UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOHN HENNING, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:18-cv-00266-WTL-MJD |
| J. BELL, J. EPPLIN, SHOEMAKER, | ) ) ) ) | |
| Defendants. | ) ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

John Henning is a prisoner in the custody of the U.S. Bureau of Prisons (BOP). After pleading guilty in 2011 to conspiracy to manufacture methamphetamine, Mr. Henning was sentenced to 155 months' imprisonment. Mr. Henning's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserts that the BOP unlawfully refused to release him to a Residential Re-Entry Center (more commonly known as a halfway house) at the earliest date permitted by 18 U.S.C. § 3624(c).

**I. Section 2241**

Section 2241 provides a vehicle for a prisoner to challenge the execution of his sentence. *See Figueroa v. Tarquino*, 737 F. App'x 789, 789–90 (7th Cir. 2018) ("Petitions . . . that challenge the execution, as opposed to the validity, of a sentence fall within the purview of § 2241."). Such a petition "does not ask the court to set aside his sentence;" instead, it "assumes that the sentence is valid" but is being carried out incorrectly by the BOP. *Id.* at 790.

## II. Factual Background

Mr. Henning roots his petition in 18 U.S.C. § 3624(c)(1), which authorizes the BOP to release a prisoner from imprisonment to another form of custody in the final twelve months of the term of imprisonment imposed by the sentencing court:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

Mr. Henning filed his § 2241 petition on June 12, 2018. At that point, Mr. Henning projected his term of imprisonment would end on February 21, 2019. In his mind, § 3624(c)(1) would have authorized the BOP to place him in a halfway house as early as February 21, 2018. However, he remained confined at the Federal Prison Camp at Terre Haute, Indiana. On May 16, he reports, he received notice that he would be moved to a halfway house on October 23, 2018—less than four months before the end of his prison term.

## III. Analysis

Although this Entry will issue after Mr. Henning's projected release to a halfway house, neither party has presented confirmation that he has been released. As such, the Court presumes that the question of Mr. Henning's eligibility for release to a halfway house remains an actual controversy properly within the Court's jurisdiction.

Mr. Henning concedes that he took no steps to avail himself of the administrative remedies available through the BOP. "A common-law exhaustion rule applies to § 2241 action even though the [Prison Litigation Reform Act's statutory exhaustion requirement] does not, and although the common law allows of exceptions, the hurdle is high." *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004).

Mr. Henning argues that he should be exempted from the exhaustion requirement because, by the time he was able to complete every stage of the administrative remedy process, he would likely already have reached the projected date of his release to a halfway house, so the process could not really have provided him any relief. But the Seventh Circuit has not looked favorably in § 2241 cases on the argument that exhaustion was not required because the petitioner's efforts likely would have been futile. *See Richmond*, 387 F.3d at 604 (finding that presenting an administrative grievance, even given a short time to obtain relief, "need not have been a pointless exercise"); *Kane v. Zuercher*, 344 F. App'x 267, 29 ("Kane may well be correct that the BOP's hands are tied, but he also may be mistaken. Until he asks, we cannot know whether it may yet be able to grant some relief.").

The Court finds that the same reasoning should apply to this case. The Court is not aware of any reason why Mr. Henning had to wait until receiving notice May of his projected halfway house release date to begin working to maximize his halfway house release period. By initiating the administrative process earlier, Mr. Henning may have been able to achieve the outcome—and possibly even a better outcome—than he hoped to achieve through this litigation. *See Richmond*, 387 F.3d at 304 ("The press of time is Richmond's fault. Although the Bureau of Prisons notified inmates promptly of the OLC's decision, Richmond did nothing for the next 16 months until March 5, 2004, when he filed suit. A prisoner cannot manufacture exigency by tarrying."); *Kane*, 344 F. App'x at 269 ("The district court here did not abuse its discretion when it decided that Kane must ask the BOP first for whatever it is he wants and give the BOP an opportunity to decide whether it is empowered or persuaded to do anything for him.").

Even if Mr. Henning's petition was not barred by his failure to exhaust available administrative remedies, the Court could not grant the relief he requests. This Court has recently

held that a BOP prisoner "*is not entitled* to any placement under § 3624(c). Instead this statute *gives the BOP discretion* to place" a prisoner in a halfway house "for no more than 12 months." *Lyttle v. Inch*, No. 2:17-cv-00153-JMS-DLP, 2018 WL 1410192, at * 2 (S.D. Ind. Mar. 21, 2018) (emphasis added). In short, there is no basis for the Court to conclude as a matter of law that Mr. Henning's sentence was improperly executed because he was not released to a halfway house earlier.

## IV. Conclusion

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Mr. Henning has not made such a showing.

For the reasons set forth above, Mr. Henning's petition for a writ of habeas corpus is **denied**, and this action is **dismissed with prejudice**. Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/29/18

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN HENNING
15980-026
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov